Alexander Ochakovsky, Amelia Ochakovsky and Maria Ochakovsky, Petitioners-Landlords-Respondents, 
against
Shilen Amin and Asifa Tirmizi, Respondents-Tenants-Appellants, -and- Jane and John Does, Respondents-Undertenants.



Tenants appeal from an order of the Civil Court of the City of New York, New York County, dated August 3, 2017 (Hannah Cohen, J.), which denied their motion for summary judgment dismissing the holdover petition, granted landlords' cross motion for summary judgment of possession and to dismiss tenants' affirmative defenses, and set the matter down for a hearing to determine the amount of use and occupancy due landlords and tenants' counterclaims.




Per Curiam.
Order (Hannah Cohen, J.), dated August 3, 2017, modified to deny landlords' cross motion for summary judgment of possession and to grant tenants' motion to the extent of dismissing the petition; as modified, order affirmed, with $10 costs to tenants-appellants.
The affidavits of service of the notice of petition and petition constitute prima facie proof of proper service. Contrary to tenants' contention, these affidavits indicate that two attempts were made to personally serve tenants, including one time outside of normal working hours and at a time when the process server could reasonably expect someone to be home, before conspicuous place service was effected (see RPAPL 735; Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]).
We agree with tenants, however, that the holdover petition must be dismissed because the predicate notice served by landlords was defective. Paragraph 17 of the governing lease agreement authorized landlords to terminate the tenancy on 30 days notice in the event they elected to sell the underlying condominium unit. The April 21, 2017 notice of termination utilized by landlords, purporting to terminate the lease as of May 31, 2017, tersely and incorrectly stated that tenants "d[id] not have a lease agreement" and were "month-to-month" tenants, with no reference to paragraph 17 of the lease, or any other indication that the lease termination was [*2]based on landlords' election to sell the unit. Measured against the test of reasonableness in view of the attendant circumstances (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), the notice was insufficient to serve as a predicate for this holdover proceeding. 
We do not pass upon tenants' request for attorneys' fees, an issue not reached below. Our disposition of this appeal is without prejudice to renewal of this issue in Civil Court. 
We have considered tenants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2018